UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SELVIN M. R., | Civil Action No. 18-14058 (JLL) |
| Petitioner, | |
| v. | OPINION |
| CHARLES GREEN, et al., | |
| Respondents. | |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Selvin M. R.., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition. (ECF No. 6). Petitioner did not file a reply. For the following reasons, this Court will deny the petition without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of El Salvador who has resided in the United States since 2008. (ECF No. 1 ¶ 6). In September 2014, Petitioner was convicted of sexual assault in New Jersey and sentenced to five years' imprisonment. (ECF No. 6 at 32). On December 15, 2017, upon Petitioner's release from state criminal custody, Petitioner was taken into immigration custody and served with a notice to appear for removal proceedings. (ECF No. 6 at 33). Because Petitioner had previously been convicted of a crime of moral turpitude, the Government determined that Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), and he has thus been confined in immigration detention without a bond hearing since December 2017. (ECF No. 6 at 41).

1

On January 25, 2018, Petitioner appeared for a master calendar hearing before an immigration judge, but the hearing was adjourned so Petitioner could acquire counsel. (ECF No. 6 at 43-44). As a result of the immigration judge's unplanned leave and certain technical difficulties on the part of the immigration court, Petitioner's hearing was rescheduled for April 12, 2018. (ECF No. 6 at 44). Petitioner and counsel appeared on that date, and Petitioner's hearing was adjourned to May 2018 so that counsel could file an application for asylum. (ECF No. 6 at 44). When Petitioner appeared on May 17, 2018, he filed applications for asylum, withholding of removal, and protection under the Convention Against Torture. (ECF No. 6 at 44). Petitioner was then scheduled for another hearing in July 2018 after his counsel rejected an earlier hearing date. (ECF No. 6 at 44). The July hearing was thereafter adjourned so that an individual merits hearing could be conducted, which was scheduled for September 27, 2018. (ECF No. 6 at 44). Petitioner requested additional time to present more evidence, and Petitioner's merits hearing was rescheduled for December 20, 2018. (ECF No. 6 at 44). Neither party has informed the Court of the outcome of that hearing, and from the record before the Court it thus appears that Petitioner remains detained without a final order of removal.

## II. DISCUSSION

### A. Legal Standard

A federal court has jurisdiction over a petition for habeas corpus only if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his

claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

Petitioner argues that his ongoing immigration detention violates his right to Due Process as he has been held for a constitutionally impermissible amount of time without a bond hearing.[1] Petitioner bases his Due Process argument on the Third Circuit's decisions in *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011) and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). However, the Supreme Court recently abrogated the direct holdings of *Diop* and *Chavez-Alvarez* in *Jennings v. Rodriguez*, 128 S. Ct. 830 (2018), when it held that there was no implicit reasonableness limitation in § 1226(c). *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278–79 (3d Cir. 2018). *Diop* and *Chavez-Alvarez* retain some precedential value, as "*Jennings* did not call into question [the] constitutional holding in *Diop* [and *Chavez-Alvarez*] that detention under § 1226(c) may violate due process if unreasonably long." *Id.* Thus, even after *Jennings*, the "constitutionality of [§ 1226(c) detention remains] a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds." *Chavez-Alvarez*, 783 F.3d at 474 (quoting *Diop*, 656 F.3d at 232, 234).

---

[1] Petitioner also contends in his habeas petition that his detention violates the Eighth Amendment's Excessive Bail Clause and the Administrative Procedure Act. Petitioner has failed to brief how his detention violates the Administrative Procedure Act and has instead merely asserted that it is either arbitrary or otherwise not in accordance with the law. The applicable law - § 1226(c), however, "mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." *Jennings v. Rodriguez*, 128 S. Ct. 830, 847 (2018). Thus, Petitioner's detention is wholly lawful and is neither discretionary nor arbitrary. Thus, Petitioner's APA claim is denied to the extent it is presented as a separate basis for relief from his constitutional claim. Likewise, this Court finds no basis for relief under the Eighth Amendment's Excessive Bail Clause as the Supreme Court "has never held that persons detained in civil proceedings . . . are entitled to release on bail bail" under that clause. *Bolante v. Keisler*, 506 F.3d 618, 619 (7th Cir. 2007). Petitioner's entitlement to relief thus rises and falls with his contention that his continued detention violates Due Process.

3

The Court's determination of reasonableness must be highly fact specific. *Chavez-Alvarez*, 783 F.3d at 474. An alien can thus show that his detention amounts to an unconstitutional application of § 1226(c) where he establishes that the prolonged nature of his detention has become "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause." *Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018) (citing *Demore v. Kim*, 538 U.S. 510, 532 (2003) (Kennedy, J. concurring). "[A]liens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would not otherwise get under the statute." *Chavez-Alvarez*, 783 F.3d at 476. However, where an alien's detention becomes prolonged merely because he has pursued valid challenges to his removal in the absence of bad faith that detention may eventually become so arbitrary that the Due Process clause requires a bond hearing. *See K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (finding that detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing where Petitioner was pursuing a valid petition for review before the Third Circuit and had received a stay of removal); *see also Carlos A. v. Green*, No. 18-13356, 2019 WL 325543, at *4 (D.N.J. Jan. 25, 2019) (finding the same with respect to a detention of over eighteen months). Generally, however, detention of just over a year will be insufficient in and of itself to warrant a bond hearing where the petitioner is responsible for the delay in his or her immigration proceedings. *See, e.g., Carlos A. v. Green*, No. 18-741, 2018 WL 3492150, at *5 (D.N.J. July 20, 2018) (finding that detention for just over 13 months not unconstitutional where the petitioner was responsible for "virtually all" of the delay in the proceedings); *Charles A. v. Green*, No. 18-1158, 2018 WL 3360765, at *5 (D.N.J. July 10, 2018) (same); *Dryden*, 321 F. Supp. 3d at 502–03 (finding that detention of just over a year was not sufficient where the petitioner sought multiple continuances).

According to the record before this Court, Petitioner has been detained for fourteen months and is not yet subject to a final order of removal. Petitioner's detention, however, has largely been the result of his own requests for continuances or other delays in his proceedings. Given the procedural history of Petitioner's immigration proceedings, Petitioner has failed to show that his ongoing immigration detention has become so prolonged as to amount to an arbitrary application of § 1226(c). Petitioner has thus failed to show that the statute has been applied to him unconstitutionally and Petitioner's habeas petition is thus denied without prejudice. *Dryden*, 321 F. Supp. 3d at 502–03.

### III. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition, (ECF No. 1), is DENIED WITHOUT PREJUDICE. An appropriate order follows.

Dated: 2/27/19

JOSE L. LINARES,
Chief Judge, United States District Court